RECEIVED
JUL - 1 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

c

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LEON W. DAVIS | DOCKET NO.:1:14-cv-1049 |
| VERSUS | JUDGE DEE D. DRELL |
| NORTHWESTERN STATE UNIVERSITY | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion to strike and dismiss filed by the State of Louisiana, through the Board of Supervisors for the University of Louisiana System, on November 19, 2014. (Doc. 10) Plaintiff, Leon W. Davis ("Davis"), filed his opposition on December 9, 2014 (Doc. 16).

The matter, having been referred to me by the district judge for Report and Recommendation (Doc. 18), is ripe and properly before me for consideration.

Factual Allegations

Davis, a pro se plaintiff, filed a charge of discrimination with the Louisiana Commission on Human Rights on March 29, 2014. In the charge, Davis alleged Northwestern State University ("NSU") discriminated against him on the basis of race (black), age and disability (Doc. 1-1, p.3). On April 3, 2014, the United States Equal Employment Opportunity Commission issued a notice of right to sue to Davis (Doc. 1-1, p.1-2). On May 20, 2014, Davis filed the instant lawsuit alleging age and race discrimination. Specifically, he

alleged that NSU failed to interview him for the position as Archive Librarian Assistant despite his being qualified. He further alleged that the position was filled by a less qualified, younger, white male.

On November 19, 2014, defendant filed the instant motion to strike and dismiss (Doc. 10) arguing that Davis' failure to sign the complaint, properly name the State and properly serve the state as well as the fact the State was entitled to sovereign immunity entitled it to the requested relief.

Davis responded to the motion by filing an amended complaint (Doc. 15) to correct the deficiency regarding the complaint bearing his signature. Additionally, he filed an opposition to the motion (Doc. 16) arguing that even if service wasn't proper, the complaint should not be dismissed as the State has made an appearance. Davis also states without further argument that NSU's failure to hire him was in violation of his civil rights and in violation of the "rules and guidelines of the Dept. [of] Louisiana Colleges and Universities." (Doc. 16, p.3).

## Law and Analysis.

### Motion to Strike

Defendant's contention that the complaint should be stricken as Davis failed to sign it is moot in light of the filing of his amended complaint.

### Motion to Dismiss

Defendant first contends that the court should dismiss Davis' complaint because he failed to name the proper party and failed to effect proper service. Davis named NSU and served its President;

however, NSU lacks the legal capacity to be sued. Accordingly, Davis should have named the Board of Supervisors for the University of Louisiana System and served either the Governor of Louisiana or the head of the Board of Supervisors, the Office of Risk Management and the Attorney General.

The Fifth Circuit has held that a *pro se* plaintiff's lack of knowledge of the rules regarding proper service does not constitute "good cause" for failure to perfect service within 120 days. However, the courts are afforded discretion in determining whether the improper service of process should result in dismissal of the lawsuit. Here, I find that it does not. Davis attempted service by presenting a copy of the complaint to NSU's President and this attempted service  resulted in notice to the defendant. Moreover, there is neither argument nor evidence that Davis' failure to effect proper service resulted in any prejudice. Accordingly, there is no reason to dismiss the complaint at this time. However, to avoid dismissal, plaintiff will need to amend his complaint to properly name the Board of Supervisors and will need to effect service in the manner proscribed by Louisiana Code of Civil Procedure article 1265 and Louisiana Revised Statute §39:1538(4).

Finally, defendant contends that because the Board of Supervisors is an arm of the State, it is entitled to sovereign immunity pursuant to the Eleventh Amendment. "The Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department." Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 185-86 (5th Cir.1986).

While there is no dispute that the Board of Supervisors is an arm of the State, see Laxey v. Louisiana Board of Trustees, 22 F.3d 621 (5th Cir.1994)[1], Congress has abrogated the states' sovereign immunity with respect to Title VII discrimination cases.  Accordingly, the Board of Directors is not immune from suit with respect to these claims; thus, they should not be dismissed.

To the extent Davis wishes to pursue claims for violations of his Civil Rights, he may not do so as the State of Louisiana has not waived sovereign immunity for claims under either Section 1981 or Section 1983.[2]

Based on the foregoing,

**IT IS HEREBY RECOMMENDED** that the defendants' motion to strike and dismiss (Doc. 10) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Davis be afforded the opportunity to amend his complaint to name the Board of Supervisors for the University of Louisiana System as the defendant, request waiver of service by the defendant, and if not accepted, effect service on defendant as directed above with that cost being borne by the defendant.

---

[1] At the time Laxey was decided, the Board of Supervisors was known as the Board of Trustees for State Colleges and Universities.  In 1998, the name changed to University of Louisiana System.

[2] At this time, Davis has stated without more that his civil rights were violated.  Even if the Board of Supervisors wasn't immune from suit, it is doubtful that Davis could present a claim under either section 1981 or 1983 as he makes no indication that the alleged discrimination concerned either the making or enforcement of a contract, 42 U.S.C. §1981, or that a person acting under color of state law deprived him of a right, privilege or immunity secured by the Constitution and laws of the United States, 42 U.S.C. §1983.

<u>OBJECTIONS</u>

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 30th day of June, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE