RECEIVED
JUN - 1 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LEON W. DAVIS | CIVIL ACTION NO. 1:14-CV-001049 |
| -vs- | |
| | JUDGE DRELL |
| LOUISIANA BOARD OF SUPERVISORS OF UNIVERSITY OF LOUISIANA SYSTEMS o/b/o NORTHWESTERN STATE UNIVERSITY | MAGISTRATE JUDGE PEREZ-MONTES |

## RULING

Before the Court is the motion of defendant Louisiana Board of Supervisors through Northwestern State University ("Northwestern"), for summary judgment. (Doc. 47). Plaintiff filed a response to the motion (Doc. 54), and the matter is ready for disposition. For the following reasons, Northwestern's Motion for Summary Judgment will be **GRANTED**.

I.   **Background and Procedural History**

This suit was brought pursuant to federal question jurisdiction by plaintiff Leon Davis against defendant Northwestern claiming hiring discrimination based on race and age under 42 U.S.C. §2000e-2(a)(1). (Doc. 1). Mr. Davis filed the instant case on May 28, 2014. (Doc. 1, p. 1). Mr. Davis claims he applied for a position at Northwestern's library in November 2013 in response to an advertisement for a Library Associate position. (Doc 1, p. 1, Doc. 47-5, p. 1). Mr. Davis claims that a "less qualified and much younger white male was interviewed and hired" in spite of Mr. Davis' two years of experience in teaching and having a Master of Arts degree from

Northwestern. (Doc. 1, p. 1-2). Mr. Davis further claims he was not interviewed or hired for the Library Associate position because he is an older African-American gentleman. (Doc. 1, p. 1).

Factually, we observe the following: Northwestern advertised an open position for a Library Associate in the fall of 2013. (Doc. 47-2, p. 3). The position required three application documents for each submission: (1) a letter of application, (2) a resume, and (3) the names and contact information for three references. (Doc. 47-5, p. 3). The position also listed required qualifications including: "a) Masters in History, Folklife, Public History or an ALA-accredited MLS [Masters in Library Sciences] with concentration in archives management, . . . d) experience with computerized academic reference services . . ., and e) experience with current academic reference service, online databases, and the internet." (Doc. 47-5, p. 1-2). In response, Mr. Davis submitted a resume which stated he had a Master of Arts and a Doctorate in Arts and Humanities, but did not include a letter of application nor three references as required in the posting. (Doc. 47-7, p. 2, Doc. 54-1, p. 1). Mr. Davis was not invited to interview for the position. (Doc. 47-2, p. 6). Ultimately, Northwestern interviewed four candidates who had each submitted the letter of application, resume, and the contact information for three references. (Doc. 47-2, p. 10). Of these four candidates, the one who was hired had a Master's degree in Library Science, a Bachelor of Arts in History and extensive experience working with various computerized academic reference services. (Doc. 47-2, p. 10). Dissatisfied, Mr. Davis filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on March 29, 2014, and received a Right to Sue letter on April 3, 2014. (Doc. 1-1, p. 1,3).

On October 15, 2015, Northwestern filed a partial motion to dismiss, asserting lack of subject matter jurisdiction over Mr. Davis' age discrimination claim. (Doc. 30). Mr. Davis did not dispute this motion (Doc. 34) and Mr. Davis' age discrimination claim was dismissed on March

9, 2016. (Doc. 37). The instant motion for summary judgment by Northwestern asks this court to now dismiss the remaining racial discrimination claims by Mr. Davis because he was not qualified for the position. (Doc. 47, p. 2). Mr. Davis responded claiming he is qualified based upon his educational background and familiarity with Northwestern's library. (Doc. 54, p. 1).

**II.  Law and Analysis**

**A. Summary Judgment Standard**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the non-movant bears the burden of proof at trial, the movant need not disprove every element of the non-movant's case; rather, the movant can satisfy his burden by pointing to the absence of evidence to support the non-movant's case. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Further, we consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir. 2011) (internal quotations omitted). In this analysis, we review facts and draw all inferences most favorable to the nonmovant; "[h]owever, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

**B. Employment Discrimination Standard**

On summary judgment, claims of racial discrimination based only on circumstantial evidence are evaluated under the familiar burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-805 (1973); Price v. Federal Express Corp., 283 F.3d

715, 719-20 (5th Cir. 2002). Under the McDonnell Douglas framework, the plaintiff must establish a *prima facie* case of discrimination. Russell v. McKinney Hosp. Venture, 235, F.3d 219, 222 (5th Cir. 2000). A *prima facie* case of discrimination requires the plaintiff to show that: (1) he is a member of a protected group; (2) he was qualified for the position at issue; (3) he was discharged or suffered some adverse employment action by the employer; and (4) he was replaced by someone who is not a member of his protected group or he was treated less favorably than others similarly situated to him. Byers v. Dallas Morning News, 209 F.3d 419, 426 (5th Cir. 2000).

If the plaintiff makes a *prima facie* showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action. Russell, 235 F.3d at 222. The employer's burden is only one of production, not persuasion, and involves no credibility assessments. Id. If the employer meets its burden of production, the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real discriminatory or retaliatory purpose. Id. To carry this burden, the plaintiff must rebut each nondiscriminatory or nonretaliatory reason articulated by the employer. Laxton v. Gap, Inc. 333 F.3d 572, 578 (5th Cir. 2003). A plaintiff may establish pretext "by showing that the employer's proffered explanation is false or 'unworthy of credence.'" Id.

After reviewing the evidence submitted, it is clear that Mr. Davis cannot meet his *prima facie* case obligation. It is not disputed that Mr. Davis is a member of a protected group as he is, based upon the evidence submitted, African American. (Doc. 1, p. 1). However, Mr. Davis was not qualified for the Library Associate position. Again, that position required an applicant send a letter of application, resume, and contact information for three references. (Doc. 47-5, p. 3). Mr. Davis only submitted a resume and a "vitae" (this Court presumes this to be a curriculum vitae and will refer to this document as a "curriculum vitae") that purported to reflect Mr. Davis' educational

4

and work experience. (Docs. 47-7, 54-1). However, other applicants submitted detailed resumes, cover letters, and contact information for the necessary references. (Docs. 47-8, 47-9, 47-10, 47-11). When Mr. Davis was informed by Ms. Abbie Landry, Northwestern's Director of Libraries, that he lacked the additional required application materials, he did not supplement his application with the required documents. (Doc. Doc. 47-4, p. 2). Additionally, the position required an applicant to have a Masters in History, Folklife, Public History or an ALA-accredited MLS [Masters in Library Sciences] with concentration in archives management. (Doc. 47-5, p. 1). Contrarily, Mr. Davis had a Master of Arts from Northwestern State University and a Doctor of Arts and Humanities from Clark Atlanta University. (Doc. 47-7, p. 2). The individual who was ultimately hired for the position has a Masters Degree in Library Science and a Bachelor of Arts in History. (Doc. 47-8, p. 2). The position also required the applicant to have "experience with computerized academic reference services, online databases . . . including Academic Search Complete, JSTOR, Bayou State Periodical Index, America's Historical Newspapers and WorldCat." (Doc. 47-5, p. 2). Mr. Davis stated he became familiar with JSTOR while researching for his Masters at Northwestern. However this information was not reflected in his resume or curriculum vitae sent as part of his application materials. (Doc. 54, p. 1; Doc. 47-7). The individual who was ultimately hired for the position listed his extensive experience with various academic online library resources in his cover letter and resume. (Doc. 47-8, p. 1-3). Under these present facts, Mr. Davis was clearly not qualified for the Library Associate position based simply on the omissions and inadequacies of his deficient application.

However, if Mr. Davis could be said to make out a *prima facie* case of discrimination, the burden would shift to Northwestern to articulate a legitimate, nondiscriminatory, or nonretaliatory reason for its employment action. Russell, 235 F.3d at 222. In this case, Northwestern's Director

of Libraries, Abbie Landry, stated in addition to Mr. Davis' failure to meet the application requirements for the Library Associate position, he had not worked as a researcher for Northwestern as claimed in his resume. (Doc. 47-4, p. 2). The testimony is unrebutted. Additionally, Ms. Landry stated that her decision not to interview or hire Mr. Davis "was based upon [her] personal knowledge of the job requirements and demands . . . and the fact that Mr. Davis' resume demonstrated that he was lacking in the appropriate education, experience and qualifications." (Doc. 47-4, p. 3). In response, Mr. Davis urges that his submission of a curriculum vitae instead of a letter of application and copies of his degrees should have been sufficient for an application. (Doc. 54, p. 1). His lack of proper application materials, educational requirements, and work experience satisfy any requirement that Northwestern had a legitimate, nondiscriminatory reason not to offer an interview or the position to Mr. Davis.

### III. Conclusion

For the foregoing reasons, Northwestern's Motion for Summary Judgment will be **GRANTED** and Plaintiff's claims will be **DISMISSED**, with prejudice.

SIGNED on this 1st day of June, 2017 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT